**HUSSEY COPPER, LTD., The Miller Co., Outokumpu American Brass, Revere Copper Products, Inc., International Association of Machinists and Aerospace Workers, International Union, Allied Industrial Workers of America (AFL–CIO), Mechanics Educational Society of America (Local 56), and United Steel Workers of America (AFL–CIO/CLC), Plaintiffs,**

v.

**UNITED STATES, Defendant,**

**Wieland–Werke AG, Langenberg Kupfer Und Messingwerke GmbH, Metallwerke Schwarzwald GmbH, Wieland–America, Inc., and Wieland Metals, Defendant–Intervenors.**

Slip Op. 95–145.

No. 91–12–00919.

United States Court of International Trade.

Aug. 11, 1995.

Collier, Shannon, Rill & Scott, Washington, DC (David A. Hartquist, Jeffrey S. Beckington, and David C. Smith, Jr.), for plaintiffs.

Frank W. Hunger, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civil Div., U.S. Dept. of Justice (Patricia L. Petty), David Richardson, Office of the Chief Counsel for Import Admin., U.S. Dept. of Commerce, Washington, DC, of counsel, for defendant.

Arnold & Porter, Washington, DC (Richard A. Johnson and Susan G. Lee), for defendant-intervenor.

## OPINION AND ORDER

DiCARLO, Chief Judge:

Plaintiffs in this consolidated action, Hussey Copper, Ltd., The Miller Co., Outokumpu American Brass, Revere Copper Products, Inc., International Association of Machinists and Aerospace Workers, International Union, Allied Industrial Workers of America (AFL–CIO), Mechanics Educational Society of America (Local 56), and United Steel Workers of America (AFL–CIO/CLC) (collectively Hussey), contest the redetermination filed pursuant to this court's remand order in *Hussey Copper, Ltd. v. United States*, 18 CIT ——, 852 F.Supp. 1116 (1994) (*Hussey II*), and seek further remand. Defendant–Intervenors, Wieland–Werke AG, Langenberg Kupfer und Messingwerke GmbH, Metallwerke Schwarzwald GmbH, Wieland–America, Inc., and Wieland Metals (collectively Wieland) concur, and seek affirmance of the remand results. The court has jurisdiction pursuant to 19 U.S.C. § 1516a(a)(2) (1988) and 28 U.S.C. § 1581(c) (1988).

## BACKGROUND

This action stems from the United States Department of Commerce's first administrative review of its antidumping duty order for brass sheet and strip from the Federal Republic of Germany. *Brass Sheet and Strip From the Federal Republic of Germany*, 56 Fed.Reg. 60,087 (Dep't Comm.1991) (final admin. review), *amended by* 57 Fed.Reg. 276 (Dep't Comm.1992). The first round of challenges to this determination was addressed by this court in *Hussey Copper, Ltd. v. United States*, 17 CIT 993, 834 F.Supp. 413 (1993) (*Hussey I*). Both Hussey and Wieland renewed their challenges after issuance of the

first remand determination. This court once again remanded the action instructing, in part: "Commerce shall conduct the product matching by using the exact alloy model matching method; Commerce may request additional information from Wieland to the extent that such information is necessary to conduct the product matching on the exact alloy matching basis." *Hussey II,* 18 CIT at ——, 852 F.Supp. at 1122.

Hussey asserts Commerce circumvented this instruction by failing to use exact alloy product matches when comparing Wieland's United States and home market sales. Specifically, Hussey alleges Commerce: (1) failed to match United States sales with similar home market sales by selecting the physically most similar home product; (2) improperly compared home market sales of products containing multiple alloys to United States sales of specific alloy products; and (3) failed to match United States sales with contemporaneous home market sales containing the same alloy.

Commerce agrees its methodology is flawed with respect to the second and third allegations, and requests a remand to allow it to make corrections. Commerce also admits it selected the home market product with the smallest difference in merchandise production cost. Commerce claims, however, this is an appropriate method to match United States sales with the most similar home market sales.

## DISCUSSION

This court must uphold Commerce's final determination in an administrative review unless that determination is "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B) (1988). Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 477, 71 S.Ct. 456, 458, 95 L.Ed. 456 (1951) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)).

## 1. Differences in Merchandise Adjustment

When calculating an antidumping duty, Commerce must compare the price of the foreign product sold in the United States with the price of "such or similar merchandise" sold in the exporter's home market. *See* 19 U.S.C. §§ 1673, 1677b(a)(1) (1988). To ensure the accuracy of the antidumping investigation, the products compared must be as similar as possible. *SKF USA Inc. v. United States,* 19 CIT ——, ——, 876 F.Supp. 275, 279 (1995). This "apples-to-apples" comparison will also ensure the fairness of the determination. *Smith–Corona Group v. United States,* 1 Fed.Cir. (T) 130, 140, 713 F.2d 1568, 1578 (1983), *cert. denied,* 465 U.S. 1022, 104 S.Ct. 1274, 79 L.Ed.2d 679 (1984).

Accordingly, Commerce must first look for "such" merchandise, which is a home market product physically *identical* to the merchandise sold in the United States. Only if "such" merchandise is unavailable may Commerce use a physically "similar" product. 19 U.S.C. § 1677(16) (1988). Once a product sold in the United States is matched with a similar home market product, Commerce must adjust for physical differences between the products if satisfied that any price differential is wholly or partly the result of such physical differences. 19 U.S.C. § 1677b(a)(4) (1988); 19 C.F.R. § 353.57 (1995). When making this adjustment for similar merchandise, Commerce "normally will consider differences in the cost of production." 19 C.F.R. § 353.57(b) (1995).

Hussey alleges Commerce's method of matching United States sales with home market sales is contrary to law, because it is not based upon "the closest identity of physical characteristics." (Pl.'s Br. at 9.) Instead, Hussey asserts, Commerce accepted Wieland's methodology of matching home market sales based upon the smallest difference in production cost (difmer). *Id.*

Commerce acknowledges it used the smallest production cost difference, matching home market sales by identifying the home market merchandise having the closest copper cost to the United States product. *Final Results of Redetermination Pursuant to*

*Court Remand,* May 16, 1994, at 6. According to Commerce, however,

> [t]he largest component of the alloy in cost and content, by far, is copper. Matching sales to the most similar merchandise based upon the smallest alloy difmer essentially matches the U.S. sale with the home market sale containing the alloy with the closest copper content. Moreover, when resorting to a most similar product match, the other four physical characteristics of the product are also taken into account, *i.e.,* the form, coating, gauge, and width of the merchandise.

(Def.'s Br. at 6–7.)

Section 1677b(a)(4) directs Commerce to adjust for physical differences, "if it is established ... that the amount of any difference between the United States price and the foreign market value ... is wholly or partly due to ... the fact that [most similar merchandise] is used in determining foreign market value." 19 U.S.C. § 1677b(a)(4). Thus, the differences in merchandise adjustment based on production costs is applied *after* the "similar" merchandise has been selected. *See id.* Commerce, however, reverses this procedure. Instead of selecting the most similar home market product and then applying the difference in production cost as an adjustment, Commerce used the difference in production cost to determine the most similar home market merchandise. This approach is contrary to the statute's mandate, *id.,* and does not, in all instances, provide the same matches that result under the approach required by statute, (*see* Pls' Conf. Reply Br. at 3–4).

Furthermore, although the court recognizes that Commerce also considers the four remaining physical characteristics in selecting such or similar merchandise, these characteristics serve only as additional categories of comparison. They are not a safeguard against errors in Commerce's methodology. ■ Commerce is afforded broad discretion to interpret the standards established by the antidumping statutes. *Smith–Corona Group,* 1 Fed.Cir. (T) at 132, 713 F.2d at 1571. However, Commerce "cannot, under the mantle of discretion, violate these standards or interpret them out of existence."

*Id.* The court cannot understate the importance of product comparison in an antidumping investigation; the matching of United States and home market sales lies at the heart of Commerce's determination. *Timken Co. v. United States,* 10 CIT 86, 95, 630 F.Supp. 1327, 1336 (1986). Thus, any substantial deviation from the approach mandated by statute is impermissible.

The court finds Commerce's methodology for selection of matches based on smallest differences in copper cost is not in accordance with law, and remands this issue so that Commerce can select the most similar home market merchandise based on the closest identity of physical characteristics.

## 2. Best Information Available

■ Hussey further asserts that, given Wieland's previous opportunities to comply with Commerce's data requests, the court should now require Commerce to use adverse information based on the best information available (BIA). 19 U.S.C. § 1677e(c) (1988). The court disagrees. Commerce is instructed to resort to BIA if a party is uncooperative or is unable to respond in a timely manner. *Id.* In this case, however, issues are being remanded primarily to correct errors in Commerce's methodology. As the basic purpose of this statute is to ensure accurate dumping margins, *Rhone Poulenc, Inc. v. United States,* 8 Fed.Cir. (T) 61, 68, 899 F.2d 1185, 1191 (1990), Commerce may request additional information from Wieland.

## CONCLUSION

In accordance with the foregoing opinion, this case is remanded to Commerce with the following instructions:

(1) Commerce shall determine the most similar home market merchandise based upon the closest identity of physical characteristics. Any adjustments, including differences in production costs, shall be made after Commerce has selected the most similar home market products. If necessary, Commerce shall obtain further information from Wieland.

(2) Commerce shall match specific alloy United States sales with specific alloy home market sales. If necessary, Commerce shall obtain corrected product matching keys from Wieland.

(3) Commerce shall match United States sales with contemporaneous home market sales involving the same alloy. Commerce shall correct any coding errors and, if necessary, obtain further information from Wieland.

Commerce shall file its remand results with the court within 90 days of this opinion. Any party contesting the remand results shall file comments with the court within 30 days of the filing of the remand results. Responses to those comments must be filed within 15 days after the filing of the comments.

### ORDER

This action having been submitted for decision, upon due deliberation and in conformity with the decision rendered, it is hereby

ORDERED that Commerce determine similar merchandise, based upon the closest identity of physical characteristics, before applying any allowances or adjustments for differences in merchandise; and it is further

ORDERED that Commerce match specific alloy United States sales with specific alloy home market sales; and it is further

ORDERED that Commerce match United States sales with contemporaneous home market sales involving the same alloy; and it is further

ORDERED that Commerce shall file the results of its determination with the court within 90 days of the date hereof; and it is further

ORDERED that any party contesting those results shall file comments with the court within 30 days after filing of the remand results; and it is further

ORDERED that responses to those comments must be filed within 15 days after filing of the comments.